United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40490
c/w No. 04-40535
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ARAGUZ-RAMIREZ,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-48-ALL
USDC No. 1:93-CR-113-2
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Araguz-Ramirez appeals his guilty-plea conviction and

sentence for being found illegally present in the United States

after deportation. He argues for the first time on appeal that,

pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000),

the "felony" and "aggravated felony" provisions of 8 U.S.C.

§ 1326(b)(1) and (2) are elements of the offense, not sentence

enhancements, making those provisions unconstitutional. As

Araguz concedes, however, this argument is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See

United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Araguz also argues that the Supreme Court's holding in

Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied

to sentences determined under the federal sentencing guidelines.

He concedes that this argument is foreclosed by this court's

recent opinion in United States v. Pineiro, 377 F.3d 464, 465-66

(5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)

(No. 04-5263), but he raises it to preserve it for possible

further review.

Araguz does not brief any argument concerning how or why any

potential reduction in his sentence for the 8 U.S.C. § 1326

conviction would have any bearing on the sentence the district

court imposed upon revocation of his supervised release for his

prior illegal-reentry conviction.  He has therefore abandoned his

appeal from the revocation of his supervised release.  United

States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir.

1991).

AFFIRMED.